**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **THE ESTATE OF MICHAEL DEPAMPHILIS, by and Through its Executrix RONDA DEPAMPHILIS, Individually and as the Parent and Next Best Friend of GIAN DEPAMPHILIS, a Minor,** | |
| **Plaintiff,** | **CASE NO.: 05-518T** |
| **VS.** | |
| **LOUISE ASSELIN, Alias, Jane Doe, in Her Capacity as the Executrix on Behalf Of THE ESTATE OF ALAIN DERY, Alias and THE ESTATE OF ALAIN DERY, and ZURICH INSURANCE COMPANY, Alias,** | |
| **Defendants.** | |

**MOTION OF LOUISE ASSELIN, IMPROPERLY DESIGNATED AS THE EXECUTRIX ON BEHALF OF THE ESTATE OF ALAIN DERY, TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2) AND THE DOCTRINE OF FORUM NON CONVENIENS**

NOW COMES, the Defendant Louise Asselin, improperly designated as the Executrix on behalf of the Estate of Alain Dery ("Defendant"), and hereby moves this Court to dismiss this civil action pursuant to Fed.R.Civ.P. 12(b)(2). In further support thereof, Defendant hereby incorporates by reference the attached Memorandum of Law as if expressly re-written herein.

WHEREFORE, for the foregoing reasons, Defendant's Motion to Dismiss with prejudice should be allowed.

**LOUISE ASSELIN, IMPROPERLY DESIGNATED AS THE EXECUTRIX ON BEHALF OF THE ESTATE OF ALAIN DERY,**
By Her Attorney,

Michael J. Smith (#5019)
BONNER, KIERNAN TREBACH & CROCIATA, LLP
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

DATED: January 10, 2006

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been mailed, this 10 day of January 2006, to all counsel of record.

Jessica L. Basso, Esq.
D'Amico & Burchfield, LLP
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212

Michael J. Smith

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE ESTATE OF MICHAEL DEPAMPHILIS, by and Through its Executrix RONDA DEPAMPHILIS, Individually and as the Parent and Next Best Friend of GIAN DEPAMPHILIS, a Minor,** <br> **Plaintiff,** <br><br> **VS.** <br><br> **LOUISE ASSELIN, Alias, Jane Doe, in Her Capacity as the Executrix on Behalf of THE ESTATE OF ALAIN DERY, Alias and THE ESTATE OF ALAIN DERY, and ZURICH INSURANCE COMPANY, Alias,** <br> **Defendants.** | ) | **CASE NO.: 05-518T** |

**MEMORANDUM IN SUPPORT OF MOTION OF LOUISE ASSELIN, IMPROPERLY DESIGNATED AS EXECUTRIX ON BEHALF OF THE ESTATE OF ALAIN DERY, TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2) AND THE DOCTRINE OF FORUM NON CONVENIENS**

BONNER, KIERNAN, TREBACH & CROCIATA LLP
One Liberty Square
6th Floor
Boston, MA
(617) 426-3900
Attorney for Defendant
Louise Asselin

On the Memorandum:
Michael J. Smith

## TABLE OF CONTENTS

Page

INTRODUCTION .......... 1

STATEMENT OF FACTS .......... 2

LEGAL STANDARD FOR GRANTING A MOTION TO DISMISS .......... 3

ARGUMENT .......... 3

I. THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANT .......... 3

A. Rhode Island's Long-Arm Statute Bars This Court From Exercising Jurisdiction .......... 4

B. Constitutional Standards of Due Process Bar This Court From Exercising Jurisdiction Over the Defendant .......... 6

II. RHODE ISLAND IS AN INCONVENIENT FORUM .......... 8

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

Page

Cases


Almeida v. Radovsky,
506 A.2d 1373, 1375 (R.I. 1986) .......... 4, 5, 6

Ben's Marine Sales v. Sleek Craft Boats,
502 A.2d 808, 809 (R.I. 1985) .......... 3

Blue Ridge Bank v. Veribanc, Inc.,
755 F.2d 371, 373 (4th Cir. 1985) .......... 4

Hahn v. Vermont Law School,
698 F.2d 48, 50 (1st. Cir. 1983) .......... 4, 6

Blue Ridge Bank v. Veribanc, Inc.,
755 F.2d 371, 373 (4th Cir. 1985) .......... 4

Cerberus Partners, L.P. v. Gadsby & Hannah, LLP,
836 A.2d 1113, 1118 (R.I. 2003) .......... 3, 5, 6, 7, 8

Estates of Ungar v. The Palestinian Authority,
153 F.Supp.2d 76, 99 (D.R.I. 2001) .......... 8

International Shoe Co. v. Washington,
326 U.S. 310, 320 (1945) .......... 6

Magee v. Zaki,
1980 WL 335980, at *1 (R.I.Super. July 11, 1980) .......... 4

Morel v. Estate of Davidson,
148 F.Supp.2d 161, 165 (D.R.I. 2001) .......... 5

Nowak v. Tak How Invs., Ltd.,
94 F.3d 708, 719 (1st. Cir. 1996) .......... 8

Smith v. Atlas Vacation Service, Inc.,
1980 WL 336059, at *3 (R.I.Super. March 7, 1980) .......... 4

United Electric Workers v. 163 Pleasant Street Corp.,
960 F.2d 1080, 1088-89 (1st. Cir. 1992) .......... 7

World-Wide Volkswagen Corp. v. Woodson,
444 U.S. 286, 292 (1980) .......... 6

Statutes

R.I. Gen. Laws § 9-5-33 (West 2005) .......... 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE ESTATE OF MICHAEL DEPAMPHILIS, by and Through its Executrix RONDA DEPAMPHILIS, Individually and as the Parent and Next Best Friend of GIAN DEPAMPHILIS, a Minor,** | ) | |
| **Plaintiff,** | ) | **CASE NO.: 05-518T** |
| **VS.** | ) | |
| **LOUISE ASSELIN, Alias, Jane Doe, in Her Capacity as the Executrix on Behalf of THE ESTATE OF ALAIN DERY, Alias and THE ESTATE OF ALAIN DERY, and ZURICH INSURANCE COMPANY, Alias,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF MOTION OF LOUISE ASSELIN, IMPROPERLY DESIGNATED AS EXECUTRIX ON BEHALF OF THE ESTATE OF ALAIN DERY, TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2) AND THE DOCTRINE OF FORUM NON CONVENIENS**

Louise Asselin,[1] improperly designated as Executrix on behalf of the Estate of Alain Dery ("Defendant") has moved to dismiss all counts of this action against it pursuant to Fed.R.Civ.P. 12(b)(2). The Defendant now submits this Memorandum in support of her motion to dismiss.

## INTRODUCTION

This matter is a diversity of citizenship action brought on behalf of a resident of Rhode Island who alleges that Michael DePamphilis was fatally injured as the result of an

[1] Louise Asselin was served in hand at her home in Canada. The Complaint alleges that Louise Asselin was the Executrix of the Estate of Alain Dery. However, Louise Asselin was neither the Administratrix nor the Executrix of the Estate of Alain Dery. While Ms. Asselin maintained a long-term relationship with the decedent, Alain Dery, Ms. Asselin and Mr. Dery were not married. Therefore, the Plaintiff improperly named (as well as improperly served) Louise Asselin, and she should not be a party to this litigation.

incident that took place in Quebec, Canada. Based on the fact that the Defendant resides in Quebec, Canada, the cause of action arose in Quebec, Canada, and all relevant evidence is located in Quebec, Canada, there are insufficient "minimum contacts" which would subject the Defendant to the jurisdiction of either the federal or the state courts of Rhode Island. Moreover, the fact that the actions allegedly giving rise to the cause of action took place in Quebec, Canada, renders Rhode Island a forum non conveniens. As such, the Defendant moves for an Order to dismiss this action.

## STATEMENT OF FACTS

This litigation involves allegations that on January 11, 2003, at approximately 3:15 p.m., Michael DePamphilis and Alain Dery ("Decedent") were allegedly involved in a collision while both parties were riding snowmobiles on Trail 549 in or near Armagh in Quebec, Canada. **See Exhibit A**, Plaintiff's Complaint at ¶¶ 10, 12. As a result of the injuries sustained in the accident, both parties died. Following the alleged incident, Ronda DePamphilis, in her capacity as Executrix on behalf of the Estate of Michael DePamphilis ("Plaintiff") brought an action against Louise Asselin, improperly designated as Executrix on behalf of the Estate of Alain Dery ("Defendant"),[2] for damages allegedly arising from the aforementioned alleged incident. The Plaintiff brought this action in federal court, invoking federal subject matter jurisdiction predicated upon diversity jurisdiction. Id. at ¶ 9.

According to the Complaint, Michael DePamphilis was a resident of Rhode Island preceding his death. Id. at ¶ 2. Therefore, both the Plaintiff and the Estate of Michael DePamphilis are residents of Rhode Island. Id. at ¶¶ 1, 3.

---

[2] Zurich Insurance Company was also named as a defendant in this litigation, however, it is not a party to this Motion.

The Plaintiff's Complaint states that the Decedent was a resident of Quebec, Canada, preceding his death. Id. at ¶ 5. In addition, the Complaint states that the Defendant is a resident of Quebec, Canada. Id. at ¶ 6.

## LEGAL STANDARD FOR GRANTING A MOTION TO DISMISS

"It is well established that to withstand a defendant's Rule 12(b)(2) motion to dismiss a complaint for lack of [personal jurisdiction], a plaintiff must allege sufficient facts to make out a prima facie case of jurisdiction." Cerberus Partners, L.P. v. Gadsby & Hannah, LLP, 836 A.2d 1113, 1118 (R.I. 2003) (citing Ben's Marine Sales v. Sleek Craft Boats, 502 A.2d 808, 809 (R.I. 1985)). "A prima facie case of jurisdiction is established when the requirements of Rhode Island's long-arm statute are satisfied" and the plaintiff has shown that the court's exercise of jurisdiction over the defendant would comport with constitutional requirements of due process, satisfied by the existence of "certain minimum contacts [between the defendant and] the forum state." Id. Thus, when the allegations in the plaintiff's complaint fail to establish a prima facie case for jurisdiction, a motion to dismiss for lack of personal jurisdiction must be granted. See Ben's Marine Sales v. Sleek Craft Boats, 502 A.2d 808, 809 (R.I. 1985).

## ARGUMENT

### I. THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANT

The Plaintiff's Complaint fails to establish a basis upon which this Court may exercise personal jurisdiction over the Defendant. The Plaintiff's Complaint invokes federal subject matter jurisdiction predicated upon diversity of citizenship. However, the mere invocation of federal subject matter jurisdiction does not absolve the Plaintiff of its responsibility to establish this Court's ability to exercise personal jurisdiction over the

Defendant.

In order to establish jurisdiction over the Defendant, the Plaintiff must satisfy a two-part test. Hahn v. Vermont Law School, 698 F.2d 48, 50 (1st. Cir. 1983); Blue Ridge Bank v. Veribanc, Inc., 755 F.2d 371, 373 (4th Cir. 1985). According to this two-part test, "a court may assert jurisdiction only when both of the following questions are answered affirmatively: '(1) is the assertion of jurisdiction authorized by the [applicable state] statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?'" Hahn, 698 F.2d at 50.

**A. Rhode Island's Long-Arm Statute Bars This Court From Exercising Jurisdiction Over the Defendant.**

Rhode Island's long-arm statute "permits the exercise of jurisdiction over [nonresident individuals] up to the constitutional limit," or in other words, so long as those individuals "have the necessary minimum contacts with the state of Rhode Island." R.I. Gen. Laws § 9-5-33 (West 2005); Magee v. Zaki, 1980 WL 335980, at *1 (R.I.Super. July 11, 1980). Accordingly, in order for a Rhode Island court to exercise personal jurisdiction over a nonresident defendant, the burden is on the plaintiff to demonstrate that the defendant has sufficient minimum contacts with the State. Smith v. Atlas Vacation Service, Inc., 1980 WL 336059, at *3 (R.I.Super. March 7, 1980) ("[the] plaintiff must make out a prima facie case for personal jurisdiction. . . . [with] the focus of the inquiry [] on what the defendant nonresident has done in the forum state"); Almeida v. Radovsky, 506 A.2d 1373, 1375 (R.I. 1986).

A "defendant nevertheless may *not* be called upon to so defend absent the

minimum contacts with that state which are prerequisite to its exercise of power over him." Almeida v. Radovsky, 506 A.2d 1373, 1375 (R.I. 1986) (emphasis added). Courts determine whether minimum contacts exist between a defendant and the forum state on a case-by-case basis. Cerberus Partners, L.P. v. Gadsby & Hannah, LLP, 836 A.2d 1113, 1118 (R.I. 2003).

The Plaintiff, however, has failed to put forth any facts to demonstrate minimum contacts between the Decedent and the state of Rhode Island.[3] Moreover, "the mere unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." Almeida, 506 A.2d at 1375. Since the only contact between the Decedent and the forum state is based on the Decedent's contact with a Rhode Island resident in a *foreign* state, the Plaintiff cannot establish the requisite "minimum contacts" between the Decedent and the forum state. Consequently, the Plaintiff has failed to satisfy the requirements of Rhode Island's long-arm statute.

Given that this Court's exercise of jurisdiction over the Defendant is *not* "authorized by the [applicable state] statute," the inquiry ends here and this Court may not exercise jurisdiction over the Defendant. Nevertheless, even if this Court determined that the Decedent's contacts with the forum state were sufficient to satisfy a showing of minimum contacts, this Court's exercise of jurisdiction over the Defendant is nevertheless barred because it would offend constitutional notions of due process. Almeida, 506 A.2d at 1375.

[3] "Rhode Island's long-arm statute makes clear that the executor stands in the shoes of the decedent for purposes of personal jurisdiction." Morel v. Estate of Davidson, 148 F.Supp.2d 161, 165 (D.R.I. 2001). Consequently, any contacts between the Decedent and the state of Rhode Island would be imputed to the Defendant.

**B. Constitutional Standards of Due Process Bar This Court From Exercising Jurisdiction Over the Defendant.**

A constitutional analysis of Due Process as it pertains to a court's exercise of jurisdiction over a defendant is based upon a defendant's contacts with the forum state. "To ensure constitutional due process to a nonresident defendant, certain minimum contacts with the forum state are required 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Cerberus Partners, L.P., 836 A.2d at 1118 (internal quotations omitted). "The minimum contacts requirement protects defendants from the burden of having to litigate in an inconvenient forum and it ensures that states 'do not reach out beyond [their] limits as coequal sovereigns in a federal system.'" Id. (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)). The minimum contacts requirement focuses "on the interests and activity of the defendant" with the fundamental question being "whether 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" Hahn, 698 F.2d at 51 (citing International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)); Cerberus Partners, L.P., 836 A.2d at 1118 (internal quotations omitted).

Consequently, when a defendant has established no meaningful "contacts, ties, or relations" with the forum state, the Due Process clause protects an individual's liberty interest in being free from the binding judgments of the forum state. International Shoe Co., 326 U.S. at 319. For this reason, even if a plaintiff is able to establish the most trivial of minimum contacts (thereby satisfying the state's long-arm statute), the court may not exercise jurisdiction over a defendant unless such is consistent with Due Process strictures. As a result, this Court cannot exercise jurisdiction in accordance with Due

Process because this Court has neither specific nor general jurisdiction over the Decedent. Cerberus Partners, L.P., 836 A.2d at 1118.

"Specific personal jurisdiction may be asserted where the cause of action arises directly out of, or relates to, the defendant['s] forum-based contacts." United Electric Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1088-89 (1st. Cir. 1992). "In determining whether specific jurisdiction exists, the court focuses on 'the relationship among the defendant, the forum, and the litigation." Cerberus Partners, L.P., 836 A.2d at 1118. The Decedent was a citizen of Quebec, Canada, who allegedly sustained injuries while riding on a snowmobile on a trail in Quebec, Canada. Despite the fact that the litigation therefore involves a Canadian resident sustaining injuries in Canada, the Plaintiff now seeks to bring this litigation in the state of Rhode Island, a forum with which the Decedent had no contact. Given that the Plaintiff's cause of action does not arise out of the Decedent's contacts with the forum state, this Court does not have specific jurisdiction over the Defendant. See id.

Even if a court does not have specific jurisdiction over a defendant, a court may nevertheless exercise jurisdiction over the defendant when the court has general jurisdiction. See id. General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in "continuous and systematic activity, unrelated to the suit, in the forum state." United Electric Workers, 960 F.2d at 1088. As a result of this continuous and systematic activity, the defendant may reasonably expect to be haled into court in the forum state, despite the fact that the cause of action "[arose] from dealings entirely distinct from those activities." Cerberus Partners, L.P., 836 A.2d at 1118 (internal quotations omitted). This

Court, however, does not have general jurisdiction over the Defendant either, as the Decedent had no contact with the state of Rhode Island whatsoever, much less "continuous and systematic activity" with the State. Id.

Consequently, the Plaintiff cannot put forth a prima facie case to establish this Court's ability to exercise jurisdiction over the Defendant. Given that the Plaintiff can not meet this burden, the Plaintiff's claims against the Defendant must be dismissed with prejudice.

## II. RHODE ISLAND IS AN INCONVENIENT FORUM

The doctrine of forum non conveniens "permits a district court 'to dismiss a case where an alternative forum is available in another country that is fair to the parties and substantially more convenient for them or the courts.'" Estates of Ungar v. The Palestinian Authority, 153 F.Supp.2d 76, 99 (D.R.I. 2001) (citing Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 719 (1st. Cir. 1996). The burden is on the defendant to show that "(1) an adequate alternative forum exists, and (2) considerations of convenience and judicial efficiency strongly favor litigating in the alternative forum." Id.

"The first requirement is [] satisfied if the defendant shows that an alternative forum provides for the type of claims alleged in the plaintiff's complaint and that the defendant is amenable to suit in the alternative forum." Id. "To satisfy the second requirement, the defendant must demonstrate that the balance of factors 'relevant to the private and public interests implicated by the case strongly favors dismissal.'" Id. The private interest factors that are considered by courts include: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; *possibility of view of premises, if*

*view would be appropriate to the action*; and all other practical problems that make trial of a case easy, expeditious, and inexpensive." Id. (emphasis added) (internal citations omitted). The public interests that are considered by courts include "administrative difficulties for courts with overloaded dockets, the imposition of jury duty on a community with no connection to the underlying dispute, the 'local interest in having localized controversies decided at home,' and the court's familiarity with the law to be applied in the case." Id.

The first requirement, which requires the existence of an adequate alternative forum, is satisfied because Quebec, Canada, would be a more appropriate forum for adjudication of this matter. The Defendant is a resident of Quebec, Canada, the cause of action arose out of events that took place in Quebec, Canada, all relevant evidence is located in Quebec, Canada and the locus of the accident mandates that the choice of law to be applied is Canadian law.

As for the second requirement, the federal courts apply a balancing test to determine which forum would be most appropriate for adjudication. In this matter, the injury that gives rise to the lawsuit occurred in Quebec, Canada. While the Plaintiff may complain that it is a burden to force her to travel to Quebec, Canada, to litigate this matter, it is important to note that Michael DePamphilis voluntarily traveled to Quebec, Canada, to avail himself of activities that were offered there. Since the activities giving rise to this cause of action took place solely in Quebec, Canada, all of the sources of proof dealing with Plaintiff's allegations are located solely in Quebec, Canada. Moreover, the possibility of view of the premises in Quebec, Canada, will be essential because liability in this case is in dispute, and, at this time it is believed that there are no

witnesses to attest to such liability.

Furthermore, Quebec's local interest in having localized controversies decided at home clearly outweighs any interest in adjudicating the dispute in Rhode Island, especially given the fact that the community of Rhode Island has absolutely no connection with the dispute. As such, based on the fact that the cause of action arose in Quebec, Canada, Rhode Island is a forum non conveniens, and this matter would more appropriately be heard in Quebec, Canada.

## CONCLUSION

The Plaintiff's commencement of litigation against the Defendant in a Rhode Island court is impermissible, given that the Court lacks the ability to exercise personal jurisdiction over the Defendant. The Decedent's lack of contacts with the state of Rhode Island bars this Court from exercising jurisdiction over the Defendant, according to the provisions of the State's long-arm statute. Moreover, this Court has neither specific nor general jurisdiction over the Defendant, and as a result, the Court's exercise of jurisdiction over the Defendant would violate constitutional notions of due process. Not only does this Court lack personal jurisdiction over the Defendant, but the state of Rhode Island itself is a forum non conveniens, as this matter would more appropriately be heard in Quebec, Canada. Consequently, the Plaintiff's claims against the Defendant must be dismissed with prejudice.

WHEREFORE, for the foregoing reasons, the Defendant's Motion to Dismiss with prejudice must be allowed.

**LOUISE ASSELIN, IMPROPERLY DESIGNATED AS EXECUTRIX ON BEHALF OF THE ESTATE OF ALAIN DERY,**
By Her Attorney,

Michael J. Smith (#5019)
BONNER, KIERNAN TREBACH & CROCIATA, LLP
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

DATED: January 10, 2006

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing document has been mailed, this 10th day of January 2006, to all counsel of record.

Jessica L. Basso, Esq.
D'Amico & Burchfield, LLP
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212

Michael J. Smith

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE ESTATE OF MICHAEL DEPAMPHILIS, By and Through Its Executrix, RONDA DEPAMPHILIS; RONDA DEPAMPHILIS, Individually And as the Parent and Next Best Friend of GIAN DEPAMPHILIS, A Minor | : | |
| -VS- | : | CASE NO.: |
| LOUISE ASSELIN, Alias, Jane Doe, In her Capacity as the Executrix on Behalf of THE ESTATE OF ALAIN DERY, Alias and THE ESTATE OF ALAIN DERY, and ZURICH INSURANCE COMPANY, Alias | : | |

VERIFIED COMPLAINT

Now come the Plaintiffs, by and through counsel, and under oath do state:

THE PARTIES

1. The Plaintiff, the Estate of Michael DePamphilis (hereinafter, "the Plaintiff Estate"), exists within the Town of Smithfield, County of Providence, State of Rhode Island;

2. The decedent, Michael DePamphilis (hereinafter, "the decedent, Michael DePamphilis"), at all times relevant hereto, was a resident of the Town of Smithfield, County of Providence, State of Rhode Island;

3. The Plaintiff, Ronda DePamphilis (hereinafter, "the Plaintiff, DePamphilis"), is a resident of the Town of Smithfield, County of Providence, State of Rhode Island and, at all times relevant hereto, is the widow of the decedent DePamphilis and the Executrix of the Estate of Michael DePamphilis;

4. The Minor Plaintiff, Gian DePamphilis, at all times relevant hereto, is the child of Michael Depamphilis and Ronda DePamphilis;

5. Upon information and belief, the decedent, Alain Dery (hereinafter, "the decedent, Dery"), at all times relevant hereto, was a resident of Quebec, Canada;

6. Upon information and belief, the Defendant, the Estate of Alain Dery (hereinafter, "the Defendant, Estate of Alain Dery") exists within Quebec, Canada and the Defendant, Louise Asselin, Alias, Jane Doe, In her Capacity as the Executrix of the Estate of Alain Dery, exists within Quebec, Canada;

7. Upon information and belief, the Defendant, Zurich Insurance Company, Alias (hereinafter, "the Defendant, Zurich") is an insurance company that is duly licensed and authorized to do business in Quebec, Canada;

8. At all times relevant hereto, the Defendant, Zurich, was the snowmobile liability insurance carrier for the decedent, Dery;

## JURISDICTION

9. The Plaintiffs aver that this Honorable Court has jurisdiction pursuant to 28 USCS § 1332, insofar as the amount in controversy exceeds the sum or value of $75,000.00, and is between citizens of a State and a subject of a foreign state;

## COUNT I

10. On January 11, 2003 at approximately 3:15 p.m., the decedent, Michael DePamphilis, was the operator of a snowmobile that was traveling in a southerly direction on a snowmobile trail identified as Trail 549 in or near Armagh in Quebec, Canada;

11. The decedent, Michael DePamphilis, was in the exercise of due care and caution at all times relevant hereto;

12. On the same date and time and at the same place set forth above, the decedent, Dery, negligently, carelessly and recklessly operated a snowmobile while traveling in a northerly direction on said Trail 549 in or near Armagh in Quebec, Canada;

13. As a direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the snowmobile that he was operating collided with the snowmobile being operated by the decedent, Michael DePamphilis, and caused an accident:

14. As a further direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the decedent, Michael DePamphilis, was killed, thereby suffering loss of life and loss of earning capacity, and suffered other great damage:

WHEREFORE, the Plaintiffs, the Estate of Michael DePamphilis by and through its Executrix, Ronda DePamphilis, and Ronda DePamphilis, Individually and as the Parent and Next Friend of Gian DePamphilis, a Minor, hereby demand judgment against the Defendants, Louise Asselin, Alias Jane Doe, in her capacity as the Executrix of the Estate of Alain Dery, the Estate of Alain Dery, and Zurich Insurance Company, Alias, in an amount sufficient to confer jurisdiction upon this Honorable Court, together with any other relief that this Honorable Court deems meet and just.

## COUNT II

15. Paragraphs 1 – 14 are hereby incorporated by reference as if set forth fully herein;

On January 11, 2003 at approximately 3:15 p.m., the decedent, Michael DePamphilis, was the operator of a snowmobile that was traveling in a southerly direction on a snowmobile trail identified as Trail 549 in or near Armagh in Quebec, Canada;

16. The decedent, Michael DePamphilis, was in the exercise of due care and caution;

17. On the same date and time and at the same place set forth above, the decedent, Dery, negligently, carelessly and recklessly operated a snowmobile while traveling in a northerly direction on said Trail 549 in or near Armagh in Quebec, Canada;

18. As a direct and proximate result of the decedent. Dery's negligence, carelessness and recklessness, the snowmobile that he was operating collided with the snowmobile being operated by the decedent, Michael DePamphilis, and caused an accident;

19. As a further direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the decedent, Michael DePamphilis, was killed;

20. As a further direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the Plaintiff, DePamphilis, has suffered the loss of consortium, companionship and society of her husband, Michael DePamphilis, has suffered loss of enjoyment of life, and has suffered other great damage.

WHEREFORE, the Plaintiffs, the Estate of Michael DePamphilis by and through its Executrix, Ronda DePamphilis, and Ronda DePamphilis, Individually and as the Parent and Next Friend of Gian DePamphilis, a Minor, hereby demand judgment against the Defendants, Louise Asselin, Alias Jane Doe, in her capacity as the Executrix of the Estate of Alain Dery, the Estate of Alain Dery, and Zurich Insurance Company, Alias, in an amount sufficient to confer jurisdiction upon this Honorable Court, together with any other relief that this Honorable Court deems meet and just.

## COUNT III

21. Paragraphs 1 – 20 are hereby incorporated by reference as if set forth fully herein. On January 11, 2003 at approximately 3:15 p.m., the decedent, Michael DePamphilis, was the operator of a snowmobile that was traveling in a southerly direction on a snowmobile trail identified as Trail 549 in or near Armagh in Quebec, Canada;

22. The decedent, Michael DePamphilis, was in the exercise of due care and caution;

23. On the same date and time and at the same place set forth above, the decedent, Dery, negligently, carelessly and recklessly operated a snowmobile while traveling in a northerly direction on said Trail 549 in or near Armagh in Quebec, Canada;

24. As a direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the snowmobile that he was operating collided with the snowmobile being operated by the decedent, Michael DePamphilis, and caused an accident;

25. As a further direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the decedent, Michael DePamphilis, was killed;

26. As a further direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the Minor Plaintiff, Gian DePamphilis, has suffered the loss of consortium, companionship and society of his father, Michael DePamphilis, has suffered loss of enjoyment of life, and has suffered other great damage.

WHEREFORE, the Plaintiffs, the Estate of Michael DePamphilis by and through its Executrix, Ronda DePamphilis, and Ronda DePamphilis, Individually and as the Parent and Next Friend of Gian DePamphilis, a Minor, hereby demand judgment against the Defendants, Louise Asselin, Alias Jane Doe, in her capacity as the Executrix of the Estate of Alain Dery, the Estate of Alain Dery, and Zurich Insurance Company, Alias, in an amount sufficient to confer jurisdiction upon this Honorable Court, together with any other relief that this Honorable Court deems meet and just.

## COUNT IV

27. Paragraphs 1 – 26 are hereby incorporated by reference as if set forth fully herein; On January 11, 2003 at approximately 3:15 p.m., the decedent, Michael DePamphilis, was the operator of a snowmobile that was traveling in a southerly direction on a snowmobile trail identified as Trail 549 in or near Armagh in Quebec, Canada;

28. The decedent, Michael DePamphilis, was in the exercise of due care and caution;

29. On the same date and time and at the same place set forth above, the decedent, Dery, who is an insured of the Defendant, Zurich, negligently, carelessly and recklessly operated a snowmobile while traveling in a northerly direction on said Trail 549 in or near Armagh in Quebec, Canada;

30. As a direct and proximate result of the negligence, recklessness and carelessness of the Defendant, Zurich's insured, the snowmobile that the Defendant, Zurich's insured was operating collided with the snowmobile being operated by the decedent, Michael DePamphilis, and caused an accident;

31. As a further direct and proximate result of the negligence, carelessness and recklessness of the Defendant, Zurich's insured, the decedent Michael DePamphilis, was killed;

32. As a further direct and proximate result of the negligence, carelessness and recklessness of the Defendant, Zurich's insured, the decedent, Michael DePamphilis has suffered loss of life, loss of earning capacity, and other great damage, and the Plaintiff, Ronda DePamphilis, and the Minor Plaintiff, Gian DePamphilis, have suffered the loss of consortium, companionship and society of their spouse and father, Michael DePamphilis, they have suffered loss of enjoyment of life, and they have suffered other great damage.

WHEREFORE, the Plaintiffs, the Estate of Michael DePamphilis by and through its Executrix, Ronda DePamphilis, and Ronda DePamphilis, Individually and as the Parent and Next Friend of Gian DePamphilis, a Minor, hereby demand judgment against the Defendants, Jane Doe, in her capacity as the Executrix of the Estate of Alain Dery and the Estate of Alain Dery, in an amount sufficient to confer jurisdiction upon this Honorable Court, together with any other relief that this Honorable Court deems meet and just.

Plaintiffs,
By Their Attorneys:

D'AMICO & BURCHFIELD, LLP

James V. Burchfield, Jr. Esq. #4095
Robert A. D'Amico, II, Esq. #4593
Jessica L. Basso, Esq. #5885
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 (fax)

Plaintiffs hereby demand a trial by jury as to all issues contained herein.

STATE OF RHODE ISLAND
PROVIDENCE, SC

I certify that the Paragraphs are true and accurate to the best of my knowledge.

Verified: Ronda DePamphilis
Ronda DePamphilis, Individually and as the Executrix of the Estate of Michael DePamphilis and as the Parent and Next Friend of Gian DePamphilis, A Minor

Subscribed and sworn to before me on this 8th day of December, 2005.

Notary Public
My Commission Expires: