**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE ESTATE OF MICHAEL DEPAMPHILIS, by and Through its Executrix RONDA DEPAMPHILIS, Individually and as the Parent and Next Best Friend of GIAN DEPAMPHILIS, a Minor,** | ) | |
| **Plaintiff,** | ) | **CASE NO.: 05-518T** |
| **VS.** | ) | |
| **LOUISE ASSELIN, Alias, Jane Doe, in Her Capacity as the Executrix on Behalf Of THE ESTATE OF ALAIN DERY, Alias and THE ESTATE OF ALAIN DERY, and ZURICH INSURANCE COMPANY, Alias,** | ) | |
| **Defendants.** | ) | |

**MOTION OF ZURICH INSURANCE COMPANY TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6), OR IN THE ALTERNATIVE, FED.R.CIV.P. 12(b)(1)**

NOW COMES, the Defendant Zurich Insurance Company ("Zurich"), and hereby moves this Court to dismiss this civil action pursuant to Fed.R.Civ.P. 12(b)(6). As grounds therefore, Zurich states that the Plaintiff has failed to state a claim against it for which relief can be granted. In the alternative, Zurich moves to dismiss the Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1). In further support thereof, Zurich hereby incorporates by reference the attached Memorandum of Law as if expressly re-written herein.

WHEREFORE, for the foregoing reasons, Zurich's Motion to Dismiss with prejudice should be allowed.

**ZURICH INSURANCE COMPANY,**
By its Attorney,

Michael J. Smith (#5019)
BONNER, KIERNAN TREBACH &
CROCIATA, LLP
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

DATED: January 10, 2006

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been mailed, this 10th day of January 2006, to all counsel of record.

Jessica L. Basso, Esq.
D'Amico & Burchfield, LLP
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212

Michael J. Smith

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **THE ESTATE OF MICHAEL DEPAMPHILIS, by and Through its Executrix RONDA DEPAMPHILIS, Individually and as the Parent and Next Best Friend of GIAN DEPAMPHILIS, a Minor,** **Plaintiff,** | |
| **VS.** | **CASE NO.: 05-518T** |
| **LOUISE ASSELIN, Alias, Jane Doe, in Her Capacity as the Executrix on Behalf of THE ESTATE OF ALAIN DERY, Alias and THE ESTATE OF ALAIN DERY, and ZURICH INSURANCE COMPANY, Alias,** **Defendants.** | |

**MEMORANDUM IN SUPPORT OF MOTION OF ZURICH INSURANCE COMPANY TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6), OR IN THE ALTERNATIVE, FED.R.CIV.P. 12(b)(1)**

BONNER, KIERNAN, TREBACH & CROCIATA LLP
One Liberty Square
6th Floor
Boston, MA
(617) 426-3900
Attorney for Defendant
Zurich Insurance Company

On the Memorandum:
Michael J. Smith

# TABLE OF CONTENTS

Page

INTRODUCTION .......... 1

STATEMENT OF FACTS .......... 2

LEGAL STANDARDS FOR GRANTING A MOTION TO DISMISS .......... 2

ARGUMENT .......... 3

I. THE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST ZURICH FOR WHICH RELIEF MAY BE GRANTED .......... 3

II. EVEN IF THE PLAINTIFF HAD PUT FORTH A VALID CLAIM AGAINST ZURICH, THE PLAINTIFF HAS FAILED TO PROPERLY INVOKE FEDERAL SUBJECT MATTER JURISDICTION .......... 5

CONCLUSION .......... 6

# TABLE OF AUTHORITIES

Page

Cases

Caterpillar, Inc. v. Lewis,
519 U.S. 61, 68 (1996) ........ 5

Hyatt v. Village House Convalescent Home,
502 A.2d 808, 809 (R.I. 1985) ........ 2

Heritage Healthcare Services, Inc. v. Beacon Mutual Insurance Company,
2004 WL 253547, at *5 R.I.Super. Jan 21, 2004) ........ 2

Mills v. Brown
372 F.Supp.2d 683, 688 (D.R.I. 2005) ........ 3

Ninigret Development Corp. v. Narragansett Indian Wetuomuck Housing Authority,
207 F.3d 21, 27 (1st. Cir. 2000) ........ 5

Passa v. Derderian,
308 F.Supp.2d 43, 49 (D.R.I. 2004) ........ 3

Pejepscot Indus. Park, Inc. v. Maine Cent. Railroad Co.,
215 F.3d 195, 200 (1st Cir. 2000) ........ 3

Soloman v. Progressive Casualty Insurance Co.,
685 A.2d 1073, 1075 (R.I. 1996) ........ 3

Toste Farm Corporation v. Hadbury, Inc,
70 F.3d 640, 642 (1st. Cir. 1995) ........ 5

Statutes

R.I. Gen. Laws § 27-9.1-1 ........ 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **THE ESTATE OF MICHAEL DEPAMPHILIS, by and Through its Executrix RONDA DEPAMPHILIS, Individually and as the Parent and Next Best Friend of GIAN DEPAMPHILIS, a Minor,** | |
| **Plaintiff,** | **CASE NO.: 05-518T** |
| **VS.** | |
| **LOUISE ASSELIN, Alias, Jane Doe, in Her Capacity as the Executrix on Behalf of THE ESTATE OF ALAIN DERY, Alias and THE ESTATE OF ALAIN DERY, and ZURICH INSURANCE COMPANY, Alias,** | |
| **Defendants.** | |

**MEMORANDUM IN SUPPORT OF MOTION OF ZURICH INSURANCE COMPANY TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6), OR IN THE ALTERNATIVE, FED.R.CIV.P. 12(b)(1)**

Zurich Insurance Company ("Zurich") has moved to dismiss all counts of this action against it pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, Fed.R.CIv.P. 12(b)(1). Zurich now submits this Memorandum in support of its motion to dismiss.

## INTRODUCTION

This matter is a diversity of citizenship action brought on behalf of a resident of Rhode Island who alleges that Michael DePamphilis was fatally injured as the result of an incident that took place in Quebec, Canada. Although the Plaintiff alleges that Zurich was the snowmobile liability insurance carrier for the Decedent at the time of the alleged incident, the Plaintiff's Complaint does not assert any claims against Zurich. As such, the Defendant moves for an Order to dismiss this action based on the Plaintiff's failure to

state a claim against Zurich. Furthermore, even if the Plaintiff's Complaint had asserted a claim against Zurich, the facts pled in the Plaintiff's Complaint fail to establish complete diversity between the Plaintiff and Zurich. Therefore, the Plaintiff cannot invoke federal subject matter jurisdiction and any claims against Zurich must be dismissed with prejudice.

## STATEMENT OF FACTS

This litigation involves allegations that on January 11, 2003, at approximately 3:15 p.m., Michael DePamphilis and Alain Dery ("Decedent") were allegedly involved in a collision while both parties were riding snowmobiles on Trail 549 in or near Armagh in Quebec, Canada. **See Exhibit A**, Plaintiff's Complaint at ¶¶ 10, 12. Following the alleged incident, Ronda DePamphilis, in her capacity as Executrix on behalf of the Estate of Michael DePamphilis ("Plaintiff") brought an action against Louise Asselin, improperly designated as Executrix on behalf of the Estate of Alain Dery ("Defendant"), for damages allegedly arising from the aforementioned alleged incident.

According to the Plaintiff's Complaint, Zurich was the snowmobile liability insurance carrier for the Decedent during the time of the alleged incident. Id. at ¶ 8. In her Complaint, the Plaintiff stated that Zurich is an insurance company duly licensed and authorized to do business in Quebec, Canada. Id. at ¶ 7.

## LEGAL STANDARDS FOR GRANTING A MOTION TO DISMISS

### I. LEGAL STANDARD FOR GRANTING A MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)

Rhode Island's Rule 12(b)(6) "directs courts to dismiss claims which, based on

the pleadings alone, fail to state a claim upon which relief can be granted." Heritage Healthcare Services, Inc. v. Beacon Mutual Insurance Company, 2004 WL 253547, at *5 R.I.Super. Jan 21, 2004). Accordingly, a "Rule 12(b)(6) [motion] does not deal with the likelihood of success on the merits, but rather with the viability of a plaintiff's bare-bone allegations and claims as they are set forth in the complaint." Hyatt v. Village House Convalescent Home, 880 A.2d 821, 823 (R.I. 2005).

## II. LEGAL STANDARD FOR GRANTING A MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1)

On a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, "[t]he party invoking federal court jurisdiction bears the burden of proving its existence." Passa v. Derderian, 308 F.Supp.2d 43, 49 (D.R.I. 2004) (citing Pejepscot Indus. Park, Inc. v. Maine Cent. Railroad Co., 215 F.3d 195, 200 (1st Cir.2000)). As such, "[a] party seeking relief in a district court must *at least* plead facts which bring the action within the court's jurisdiction. Failure to plead such facts warrants dismissal of the action." Mills v. Brown, 372 F.Supp.2d 683, 688 (D.R.I. 2005) (emphasis in original). Consequently, when a plaintiff fails to plead facts to support a proper invocation of diversity jurisdiction, a defendant's motion to dismiss must be granted. Id.

## ARGUMENT

## I. THE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST ZURICH FOR WHICH RELIEF MAY BE GRANTED

The allegations contained in the Plaintiff's complaint fail to state any claim[1]

[1] The plaintiff fails to state any claim against Zurich and merely states that the decedent-defendant Alain Dery was insured by Zurich. Assuming that the plaintiff somehow meant to allege that Zurich, as the insurer of the decedent-defendant Alain Dery committed unfair claims settlement practices (which Zurich denies), the express language in R.I. Gen. Laws § 27-9.1-1, states that no private cause of action against an

against Zurich whatsoever and, pursuant to the standard utilized by Rhode Island courts, a motion to dismiss must be granted. Although Rhode Island courts do not generally require that a plaintiff "draft the pleading with a high degree of factual specificity," a plaintiff nevertheless has the responsibility to "provid[e] some degree of clarity as to what is alleged; due process considerations are implicated, and [Rhode Island courts] require that 'the complaint give the opposing party *fair and adequate notice* of the type of claim being asserted.'" *Hyatt, supra*, at 824 (emphasis in original).

The Plaintiff's complaint, however, fails to provide even the slightest indication of the claims that the Plaintiff is asserting against Zurich. In fact, Zurich is mentioned only in passing in Count IV, para. 32, of the Plaintiff's Complaint. The Plaintiff merely states that Zurich insured the Decedent at the time of the alleged incident. However, a statement simply suggesting that a party insured the Decedent, at the time of the alleged incident, does not in and of itself impose liability on Zurich. The Plaintiff fails to state what actions it believes Zurich took for which liability should be imposed upon it. Given that the Plaintiff has not stated any actual claims against Zurich, it would be impossible for Zurich to respond to such a Complaint and such a complaint must be dismissed.

Moreover, in her prayer for relief for Count IV,[2] the Plaintiff does not seek any relief from Zurich, despite the fact that Zurich is specifically mentioned in the Count. Consequently, given that no specific claims have been asserted against Zurich, and given that the Plaintiff does not request any relief from Zurich in connection with the Count in which it is mentioned, this Court must dismiss the Plaintiff's action against Zurich for

---

insurer exists in the State of Rhode island for an alleged unfair claims settlement practice. In Soloman v. Progressive Casualty Insurance Co., 685 A.2d 1073, 1075 (R.I. 1996), the Rhode Island Supreme Court upheld a motion to dismiss and held that "Section 27-9.1-1 clearly provides that 'nothing herein shall be construed to create or imply a private cause of action for violation of this chapter.'"

[2] The Plaintiff puts forth separate prayers for relief for each Count contained in the Complaint.

failure to state a claim upon which relief may be granted.

## II. EVEN IF THE PLAINTIFF HAD PUT FORTH A CLAIM, THE PLAINTIFF HAS FAILED TO PROPERLY INVOKE FEDERAL SUBJECT MATTER JURISDICTION

The Plaintiff has failed to meet its burden of proving the existence of diversity jurisdiction, as a means of invoking federal subject matter jurisdiction.[3] The burden is on the party invoking diversity jurisdiction to plead facts which demonstrate that the parties named in the suit are completely diverse, meaning that there is "*complete diversity of citizenship* between all plaintiffs on the one hand, and all defendants, on the second hand. Ninigret Development Corp. v. Narragansett Indian Wetuomuck Housing Authority, 207 F.3d 21, 27 (1st. Cir. 2000) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)) (emphasis added); Toste Farm Corporation v. Hadbury, Inc., 70 F.3d 640, 642 (1st. Cir. 1995). Accordingly, a plaintiff must establish the citizenship of each party in order to then show complete diversity of citizenship between all plaintiffs and all defendants. See Ninigret Development Corp., 207 F.3d at 27.

The facts pled by the Plaintiff in her Complaint fail to establish complete diversity between the Plaintiff and Zurich. The Plaintiff states in her Complaint that Zurich "is an insurance company that is duly licensed and authorized to do business in Quebec, Canada." **See Exhibit A**, Plaintiff's Complaint at ¶ 7. However, the state in which a corporation is licensed to do business is not the state of citizenship for that corporation, for diversity jurisdiction purposes. Rather, a corporation's citizenship is both that of the

---

[3] The Plaintiff's failure to properly assert diversity jurisdiction deprives the Plaintiff of a basis upon which it may invoke federal subject matter jurisdiction. The only other basis upon which the Plaintiff could invoke federal subject matter jurisdiction would be on the existence of a federal question under 28 U.S.C.A. § 1331, however, since there is no federal question at issue, the Plaintiff cannot invoke jurisdiction under this statute.

state where it is incorporated and that of the state in which it maintains its principal place of business. Toste Farm Corporation, 70 F.3d at 642 (setting forth the rule for citizenship of corporations for diversity jurisdiction purposes). Given that the Plaintiff has incorrectly designated the citizenship of Zurich, the Plaintiff cannot establish complete diversity between herself and Zurich. Because the Plaintiff cannot therefore properly invoke diversity jurisdiction, Zurich's motion to dismiss with prejudice must be granted.

## CONCLUSION

The Plaintiff has failed to state any claims against Zurich for which relief may be granted. Under Rhode Island law, the Plaintiff cannot merely name Zurich as a defendant without having a claim to support Zurich's inclusion in the litigation. Since no such support exists, the claims against Zurich must be dismissed with prejudice. Moreover, even if the Plaintiff had put forth a claim against Zurich, the facts pled in the Plaintiff's Complaint fail to establish complete diversity between the Plaintiff and Zurich. Therefore, the Plaintiff cannot invoke federal subject matter jurisdiction and any claims against Zurich must be dismissed with prejudice for lack of federal subject matter jurisdiction.

WHEREFORE, for the foregoing reasons, the Defendant's Motion to Dismiss with prejudice should be allowed.

**ZURICH INSURANCE,**
By its Attorney,

Michael J. Smith (#5019)
BONNER, KIERNAN TREBACH & CROCIATA, LLP
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

DATED: January 10, 2006

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing document has been mailed, this 10th day of January 2006, to all counsel of record.

Jessica L. Basso, Esq.
D'Amico & Burchfield, LLP
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212

Michael J. Smith

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF MICHAEL DEPAMPHILIS, By and Through Its Executrix, RONDA DEPAMPHILIS; RONDA DEPAMPHILIS, Individually And as the Parent and Next Best Friend of GIAN DEPAMPHILIS, A Minor

-VS- : CASE NO.:

LOUISE ASSELIN, Alias, Jane Doe, In her Capacity as the Executrix on Behalf of THE ESTATE OF ALAIN DERY, Alias and THE ESTATE OF ALAIN DERY, and ZURICH INSURANCE COMPANY, Alias

VERIFIED COMPLAINT

Now come the Plaintiffs, by and through counsel, and under oath do state:

THE PARTIES

1. The Plaintiff, the Estate of Michael DePamphilis (hereinafter, "the Plaintiff Estate"), exists within the Town of Smithfield, County of Providence, State of Rhode Island;

2. The decedent, Michael DePamphilis (hereinafter, "the decedent, Michael DePamphilis"), at all times relevant hereto, was a resident of the Town of Smithfield, County of Providence, State of Rhode Island;

3. The Plaintiff, Ronda DePamphilis (hereinafter, "the Plaintiff, DePamphilis"), is a resident of the Town of Smithfield, County of Providence, State of Rhode Island and, at all times relevant hereto, is the widow of the decedent DePamphilis and the Executrix of the Estate of Michael DePamphilis;

4. The Minor Plaintiff, Gian DePamphilis, at all times relevant hereto, is the child of Michael Depamphilis and Ronda DePamphilis;

5. Upon information and belief, the decedent, Alain Dery (hereinafter, "the decedent, Dery"), at all times relevant hereto, was a resident of Quebec, Canada;

6. Upon information and belief, the Defendant, the Estate of Alain Dery (hereinafter, "the Defendant, Estate of Alain Dery") exists within Quebec, Canada and the Defendant, Louise Asselin, Alias, Jane Doe, In her Capacity as the Executrix of the Estate of Alain Dery, exists within Quebec, Canada;

7. Upon information and belief, the Defendant, Zurich Insurance Company, Alias (hereinafter, "the Defendant, Zurich") is an insurance company that is duly licensed and authorized to do business in Quebec, Canada;

8. At all times relevant hereto, the Defendant, Zurich, was the snowmobile liability insurance carrier for the decedent, Dery;

## JURISDICTION

9. The Plaintiffs aver that this Honorable Court has jurisdiction pursuant to 28 USCS § 1332, insofar as the amount in controversy exceeds the sum or value of $75,000.00, and is between citizens of a State and a subject of a foreign state;

## COUNT I

10. On January 11, 2003 at approximately 3:15 p.m., the decedent, Michael DePamphilis, was the operator of a snowmobile that was traveling in a southerly direction on a snowmobile trail identified as Trail 549 in or near Armagh in Quebec, Canada;

11. The decedent, Michael DePamphilis, was in the exercise of due care and caution at all times relevant hereto;

12. On the same date and time and at the same place set forth above, the decedent, Dery, negligently, carelessly and recklessly operated a snowmobile while traveling in a northerly direction on said Trail 549 in or near Armagh in Quebec, Canada;

13. As a direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the snowmobile that he was operating collided with the snowmobile being operated by the decedent, Michael DePamphilis, and caused an accident:

14. As a further direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the decedent, Michael DePamphilis, was killed, thereby suffering loss of life and loss of earning capacity, and suffered other great damage:

WHEREFORE, the Plaintiffs, the Estate of Michael DePamphilis by and through its Executrix, Ronda DePamphilis, and Ronda DePamphilis, Individually and as the Parent and Next Friend of Gian DePamphilis, a Minor, hereby demand judgment against the Defendants, Louise Asselin, Alias Jane Doe, in her capacity as the Executrix of the Estate of Alain Dery, the Estate of Alain Dery, and Zurich Insurance Company, Alias, in an amount sufficient to confer jurisdiction upon this Honorable Court, together with any other relief that this Honorable Court deems meet and just.

## COUNT II

15. Paragraphs 1 – 14 are hereby incorporated by reference as if set forth fully herein;

On January 11, 2003 at approximately 3:15 p.m., the decedent, Michael DePamphilis, was the operator of a snowmobile that was traveling in a southerly direction on a snowmobile trail identified as Trail 549 in or near Armagh in Quebec, Canada;

16. The decedent, Michael DePamphilis, was in the exercise of due care and caution;

17. On the same date and time and at the same place set forth above, the decedent, Dery, negligently, carelessly and recklessly operated a snowmobile while traveling in a northerly direction on said Trail 549 in or near Armagh in Quebec, Canada;

18. As a direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the snowmobile that he was operating collided with the snowmobile being operated by the decedent, Michael DePamphilis, and caused an accident;

19. As a further direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the decedent, Michael DePamphilis, was killed;

20. As a further direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the Plaintiff, DePamphilis, has suffered the loss of consortium, companionship and society of her husband, Michael DePamphilis, has suffered loss of enjoyment of life, and has suffered other great damage.

WHEREFORE, the Plaintiffs, the Estate of Michael DePamphilis by and through its Executrix, Ronda DePamphilis, and Ronda DePamphilis, Individually and as the Parent and Next Friend of Gian DePamphilis, a Minor, hereby demand judgment against the Defendants, Louise Asselin, Alias Jane Doe, in her capacity as the Executrix of the Estate of Alain Dery, the Estate of Alain Dery, and Zurich Insurance Company, Alias, in an amount sufficient to confer jurisdiction upon this Honorable Court, together with any other relief that this Honorable Court deems meet and just.

## COUNT III

21. Paragraphs 1 – 20 are hereby incorporated by reference as if set forth fully herein. On January 11, 2003 at approximately 3:15 p.m., the decedent, Michael DePamphilis, was the operator of a snowmobile that was traveling in a southerly direction on a snowmobile trail identified as Trail 549 in or near Armagh in Quebec, Canada;

22. The decedent, Michael DePamphilis, was in the exercise of due care and caution;

23. On the same date and time and at the same place set forth above, the decedent, Dery, negligently, carelessly and recklessly operated a snowmobile while traveling in a northerly direction on said Trail 549 in or near Armagh in Quebec, Canada;

24. As a direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the snowmobile that he was operating collided with the snowmobile being operated by the decedent, Michael DePamphilis, and caused an accident;

25. As a further direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the decedent, Michael DePamphilis, was killed;

26. As a further direct and proximate result of the decedent, Dery's negligence, carelessness and recklessness, the Minor Plaintiff, Gian DePamphilis, has suffered the loss of consortium, companionship and society of his father, Michael DePamphilis, has suffered loss of enjoyment of life, and has suffered other great damage.

WHEREFORE, the Plaintiffs, the Estate of Michael DePamphilis by and through its Executrix, Ronda DePamphilis, and Ronda DePamphilis, Individually and as the Parent and Next Friend of Gian DePamphilis, a Minor, hereby demand judgment against the Defendants, Louise Asselin, Alias Jane Doe, in her capacity as the Executrix of the Estate of Alain Dery, the Estate of Alain Dery, and Zurich Insurance Company, Alias, in an amount sufficient to confer jurisdiction upon this Honorable Court, together with any other relief that this Honorable Court deems meet and just.

COUNT IV

27. Paragraphs 1 – 26 are hereby incorporated by reference as if set forth fully herein; On January 11, 2003 at approximately 3:15 p.m., the decedent, Michael DePamphilis, was the operator of a snowmobile that was traveling in a southerly direction on a snowmobile trail identified as Trail 549 in or near Armagh in Quebec, Canada;

28. The decedent, Michael DePamphilis, was in the exercise of due care and caution;

29. On the same date and time and at the same place set forth above, the decedent, Dery, who is an insured of the Defendant, Zurich, negligently, carelessly and recklessly operated a snowmobile while traveling in a northerly direction on said Trail 549 in or near Armagh in Quebec, Canada;

30. As a direct and proximate result of the negligence, recklessness and carelessness of the Defendant, Zurich's insured, the snowmobile that the Defendant, Zurich's insured was operating collided with the snowmobile being operated by the decedent, Michael DePamphilis, and caused an accident;

31. As a further direct and proximate result of the negligence, carelessness and recklessness of the Defendant, Zurich's insured, the decedent Michael DePamphilis, was killed;

32. As a further direct and proximate result of the negligence, carelessness and recklessness of the Defendant, Zurich's insured, the decedent, Michael DePamphilis has suffered loss of life, loss of earning capacity, and other great damage, and the Plaintiff, Ronda DePamphilis, and the Minor Plaintiff, Gian DePamphilis, have suffered the loss of consortium, companionship and society of their spouse and father, Michael DePamphilis; they have suffered loss of enjoyment of life, and they have suffered other great damage.

WHEREFORE, the Plaintiffs, the Estate of Michael DePamphilis by and through its Executrix, Ronda DePamphilis, and Ronda DePamphilis, Individually and as the Parent and Next Friend of Gian DePamphilis, a Minor, hereby demand judgment against the Defendants, Jane Doe, in her capacity as the Executrix of the Estate of Alain Dery and the Estate of Alain Dery, in an amount sufficient to confer jurisdiction upon this Honorable Court, together with any other relief that this Honorable Court deems meet and just.

Plaintiffs,
By Their Attorneys:

D'AMICO & BURCHFIELD, LLP

James V. Burchfield, Jr. Esq. #4095
Robert A. D'Amico, II, Esq. #4593
Jessica L. Basso, Esq. #5885
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 (fax)

Plaintiffs hereby demand a trial by jury as to all issues contained herein.

STATE OF RHODE ISLAND
PROVIDENCE, SC

I certify that the Paragraphs are true and accurate to the best of my knowledge.

Verified: Ronda DePamphilis
Ronda DePamphilis, Individually and as the Executrix of the Estate of Michael DePamphilis and as the Parent and Next Friend of Gian DePamphilis, A Minor

Subscribed and sworn to before me on this 8th day of December, 2005.

Notary Public
My Commission Expires: